UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
HAMBURG-SUD NORTH AMERICA, INC., : 15-CV-4774 (ARR) (SMG)
HAMBURG-SUD BRASIL LTDA, and HAMBURG :
SUDAMERIKANISCHE DAMPFSCHIFFAHRTS :
GESSELSCHAFT K.A., : MEMORANDUM AND
: ORDER
Plaintiffs, :
: NOT FOR ELECTRONIC
-against- : OR PRINT PUBLICATION
:
BOMIX INDUSTRIA DE EMBALAGENS LTDA, :
X
Defendant.

----------------------------------------------------------------

ROSS, United States District Judge:

The Court has received the Report and Recommendation ("R & R") on the instant case dated November 3, 2017 from the Honorable Steven M. Gold, United States Magistrate Judge. *See* R & R, ECF No. 37. In his R & R, Judge Gold recommended that the Court deny plaintiffs' motion for default judgment and dismiss the complaint. *Id.* at 14. On November 17, 2017, plaintiffs timely filed a limited objection. *See* Obj. to R & R, ECF No. 38. As explained below, I adopt Judge Gold's thorough R & R and issue a superseding order that renders plaintiffs' objection moot.

## BACKGROUND

Plaintiffs brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, in connection with a bill of lading subject to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq. See* Compl. at 1–2, ECF No. 1. In bringing the lawsuit, plaintiffs sought to obtain a judgment declaring limits to the damages recoverable in a pending lawsuit filed against them in Brazil by defendant Bomix Industria de Embalagens Ltda ("Bomix"), a

1

Brazilian corporation. *See* Compl. ¶ 46. Bomix failed to appear or otherwise defend this action. Plaintiffs sought and obtained a certificate of default against Bomix and filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* ECF Nos. 17, 18, 22.

In his R & R, Judge Gold found that the Court lacked subject matter jurisdiction over this case because "by plaintiffs' own admission, this Court's issuance of a declaratory judgment …would be merely advisory in both purpose and effect." R & R at 6–7. Finding no "case or controversy," Judge Gold explained that because a declaratory judgment would have only a "hypothetical and speculative" impact on the plaintiffs' action in Brazil, granting the motion "will not—and indeed, by itself, could not—provide 'specific relief' of a 'conclusive character,'" sufficient to give the Court subject matter jurisdiction. *Id.* at 7, 10 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "Put simply, a declaratory judgment in this case would not resolve any legal dispute between plaintiffs and defendant or impose or enforce any duty owed by one to the other; to the contrary, the effect of a declaratory judgment, if any, would be solely advisory." *Id.* at 10.

Judge Gold proceeded to address other issues that he saw as impediments to the Court's ability to afford plaintiffs the relief they sought. Though he did not resolve the issues in light of his recommendation to deny the motion for lack of jurisdiction, he identified two substantial hurdles: the existence of a forum selection clause in the bill of lading, giving the courts of the City of Hamburg, Germany "and no other courts" sole jurisdiction to resolve "any claim, dispute, suit or proceeding" related to the bill of lading, *id.* at 10 (internal citation omitted), as well as the defendants' lack of contacts with New York, *id* at 14.

After fourteen pages of analysis, Judge Gold rendered his ultimate recommendation—that plaintiffs' motion for default judgment be denied and the complaint be dismissed—and wrote, "Plaintiffs shall forthwith serve copies of this Report and Recommendation upon the defaulting defendant at its last known address and file proof of service with the Court." *Id.* at 15. It is this line, and this line only, to which the plaintiffs object. *See* Obj. at 1.

## STANDARDS OF REVIEW

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *see also Brissett v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 09-CV-874 (CBA) (LB), 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011). Where no timely objections have been filed, "the district court need only satisfy itself that there is no clear error on the face of the record." *Finley v. Trans Union, Experian, Equifax*, No. 17-CV-0371 (LDH) (LB), 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017) (quoting *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011)). After review, the district judge may accept, reject, or modify any of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Plaintiffs do not object to the substance of Judge Gold's R & R. Having reviewed the record, I find no clear error. Judge Gold correctly concluded that this Court lacks subject matter jurisdiction because there is no "case or controversy." R & R at 7; *see* U.S. Const., art. III § 2, cl. 1. As he notes, if this Court were to issue a declaratory judgment, it could have no bearing on the ultimate outcome of the "actual controversy." R & R at 8; *see Nebraskaland, Inc. v. Sunoco, Inc. (R & M)*, No. 10-CV-1091 (DGT) (CLP), 2010 WL 5067962, at *6–7 (E.D.N.Y. Dec. 7, 2010) ("[T]he fact that plaintiff's underlying lawsuit 'will necessarily settle the issues for which

3

declaratory judgment is sought suggests that the declaratory judgment will serve no useful purpose.'") (quoting *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010)). Therefore, I adopt Judge Gold's findings and recommendations in this regard.

Citing 28 U.S.C. § 636(b)(1)(C) and arguing that defendants no longer qualify as parties to these proceedings given their "express" decision not to participate, plaintiffs object to Judge Gold's order to serve the defendant with a copy of the R & R. Obj. at 2. They argue that the order is "is contrary to the law and clearly erroneous" and ask this Court to strike "that portion" of the R & R. *Id.* at 2–3.

In the interests of judicial economy, the Court orders the Clerk of Court to serve this Order and the underlying R & R to the defaulting defendant at its last known address. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) ("A district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). Since this order moots plaintiffs' objection, the Court declines to review it *de novo*.

## CONCLUSION

The Court adopts Judge Gold's R & R, denies plaintiffs' motion for default judgment, and dismisses the complaint. The Court directs the Clerk of Court to effect service consistent with this opinion and to enter judgment accordingly.

SO ORDERED.

/s/(ARR)
Allyne R. Ross
United States District Judge

Dated: December 26, 2017
Brooklyn, New York

4